SEMEL et al. v. BRAUN.

(Supreme Court, Appellate Term, First Department. March 13, 1916.)

GUARANTY ☞38(2)—CONTRACTS—CONSTRUCTION—"ACCOUNT."

Where defendant signed a guaranty reciting that in consideration of $1, receipt of which was acknowledged, she held herself responsible and guaranteed to plaintiffs the sum of $350 for all goods that had been sold prior to the date of the guaranty and all goods sold and delivered on running account to a named person, the guaranty was a continuing one, applicable to goods sold and delivered thereafter; the expression "goods sold and delivered on running account" showing that it was intended to apply to future sales, notwithstanding the first portion of the guaranty referred only to past indebtedness, and the word "account" being of flexible meaning, referring either to past or future indebtedness.

[Ed. Note.—For other cases, see Guaranty, Cent. Dig. § 47; Dec. Dig. ☞38(2).

For other definitions, see Words and Phrases, First and Second Series, Account.]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Jacob H. Semel and Max Liebhold, copartners trading as J. H. Semel & Co., against Olga Braun. From a judgment for plaintiffs, defendant appeals. Affirmed.

Argued February term, 1916, before LEHMAN, WEEKS, and DELEHANTY, JJ.

Arthur Furber, of New York City, for appellant.

Leonard Bronner, of New York City (Simon S. Hamburger, of New York City, of counsel), for respondents.

LEHMAN, J. On September 23, 1912, the defendant signed the following guaranty:

"For and in consideration of one dollar, the receipt of which is hereby acknowledged, I hold myself responsible and guarantee to Messrs. J. H. Semel & Co., of 514 and 516 Broadway, New York, the sum of three hundred and fifty dollars for all goods that have been sold prior to the date of this guaranty and all goods sold and delivered on running account to Samuel Braun, of 704 Columbus avenue, New York."

At the trial the defendant claimed that, since the words in this guaranty were in the past tense, the guaranty should be confined to those goods which had been "sold," but not delivered, and to goods which had been "sold and delivered," prior to the date of the guaranty. The trial justice overruled this contention, and gave judgment for the plaintiff for the value of goods sold and delivered to Samuel Braun after the signing of the guaranty.

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

It seems to me that the decision of the trial justice is correct, and should be affirmed. There are two elements in this guaranty which show an intention on the part of the defendant that it should apply to "goods sold and delivered" after the date of the guaranty. In the first place, the guaranty provides that it shall cover "all goods that have been sold prior to the date of this guaranty," and then proceeds with the words, "and all goods sold and delivered on running account." If the parties had intended that these words should also be limited to a time "prior to the date of this guaranty," it is difficult to understand why the parties should have specifically placed this limitation only on the first clause of the guaranty. In the second place, while the word "account" has no definite technical meaning and is capable of a flexible use (see Goldstein v. Leibowitz, 157 N. Y. Supp. 905, decided herewith), yet when that word is coupled with the word "running" I think it connotes an account which is not closed, but is a continuing account. Certainly it is quite open to this construction.

It follows that the judgment should be affirmed, with $25 costs. All concur.